Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JOSE OZUNA,
)
 No. 08-03-00183-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 243rd District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20020D06324)


O P I N I O N



 Jose Ozuna attempts to appeal from his conviction for felony driving while intoxicated. 
Finding that Appellant has no right of appeal and has failed to comply with Rule 25.2(d), we dismiss
the appeal.

 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:


 A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order. (1) In a plea bargain case--that is, a case in which the
defendant's plea of guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant--a
defendant may appeal only:


 (A) those matters that were raised by written motion filed and ruled
on before trial, or


 (B) after getting the trial court's permission to appeal.


Tex.R.App.P. 25.2(a)(2).


 Rule 25.2(d) requires that the trial court certify whether the defendant has a right of appeal
under Rule 25.2(a)(2). Tex.R.App.P. 25.2(d). (2) The appeal must be dismissed if a certification
showing the defendant has the right of appeal has not been made part of the record under the Rules
of Appellate Procedure. Tex.R.App.P. 25.2(d).

 Appellant entered a negotiated guilty plea and was sentenced by the trial court in accordance
with the plea bargain. Appellant timely filed a pro se notice of appeal, but he did not include the trial
court's certification of the defendant's right to appeal as required by Rules 25.2(a)(2) and 25.2(d). 
The Clerk's Office notified Appellant's counsel that the notice of appeal was defective and requested
that an amended notice of appeal be filed. Counsel has responded with a letter stating that the trial
court did not sign the certification because it was understood by the court and all parties that
Appellant did not have a right of appeal since the court did not grant permission to appeal. 

 Rule 25.2(a)(2) requires the trial court, in every criminal case, to certify whether the
defendant either does or does not have a right to appeal. This would include those cases where the
defendant does not have a right of appeal because it is a plea bargained case and the trial court has
not granted permission to appeal. A review of the certification form recommended by the Court of
Criminal Appeals reflects that the trial court has five choices available when certifying the
defendant's right of appeal in a criminal case. The form provides as follows:


 I, judge of the trial court, certify this criminal case:


 is not a plea-bargain case, and the defendant has the right of appeal. [or]




 is a plea-bargain case, but matters were raised by written motion filed and
ruled on before trial and not withdrawn or waived, and the defendant has the
right of appeal. [or]




 is a plea-bargain case, but the trial court has given permission to appeal, and
the defendant has the right of appeal. [or]




 is a plea-bargain case, and the defendant has NO right of appeal. [or]




 the defendant has waived the right of appeal.



Tex.R.App.P. 25.2(a)(2), Appendix (Trial Court's Certification of Defendant's Right of Appeal).


 Here, the trial court would have checked the fourth box indicating that it is a plea-bargain
case and the defendant has no right of appeal. This Court encourages the trial courts to complete the
certification form because it promotes the speedy resolution of appeals such as the instant one. We
dismiss the instant appeal based upon our understanding that Appellant has no right of appeal and
because the record does not contain the certification required by the rules of appellate procedure.



July 24, 2003 /s/ Ann Crawford McClure 
 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. Rule 25.2(d) requires that the trial court certify whether the defendant has a right of appeal under Rule
25.2(a)(2). Tex.R.App.P. 25.2(d). 
2. "If the defendant is the appellant, the record must include the trial court's certification of the defendant's right
of appeal under Rule 25.2(a)(2). The certification should be part of the record when notice is filed, but may be added
by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate
court under Rule 34.5(c)(2). The appeal must be dismissed if a certification that shows the defendant has the right of
appeal has not been made part of the record under these rules." Tex.R.App.P. 25.2(d).